## VAN DORT *v.* VAN DORT.

1. **Deeds—One Alleging Mental Incompetency of Grantor Has Burden of Proof.**

    In a suit to set aside a deed on the ground of grantor's mental incompetency, the burden of proof is on the plaintiff.

2. **Same—Mental Incompetency Not Established by Proof.**

    Mental incompetency of grantor at the time the deed was executed, *held*, not established by a preponderance of the proof.

Appeal from Ottawa; Cross (Orien S.), J.    Submitted April 10, 1928.    (Docket No. 87, Calendar No. 33,679.)    Decided June 4, 1928.

Bill by Zeinnie Van Dort against Alice Klifman Van Dort to set aside a deed.    From a decree dismissing the bill, plaintiff appeals.    Affirmed.

*Robinson & Parsons,* for plaintiff.

*Fred T. Miles,* for defendant.

SHARPE, J.    Plaintiff, a daughter of Gerrit Gebben, here seeks to set aside a deed executed by him on November 22, 1926, conveying to the defendant a house and lot in the city of Holland, with reservation of a life estate in himself, for the reason that he was mentally incompetent at the time he executed the conveyance.    He died two days later at the age of 82.

The deceased had lived in the house conveyed, with the defendant and her husband, nearly all of the four years preceding his death.    The day before he passed away he was taken by the plaintiff to her home.    Dr.

As to presumption and burden of proof with relation to incapacity of party to contracts and conveyances, see annotation in 36 L. R. A. 731; 14 R. C. L. 623.

William G. Winter, who was treating him for trouble caused by an enlarged prostate gland, and who saw him on the day before and the day after the deed was executed, expressed the opinion that, in view of his then condition, he was mentally incompetent to understand the nature of his act.

The witnesses for the defense were Isaac Kouw, who prepared the conveyance and took the acknowledgment, and Mr. Van Putten, who signed as a witness. They were both old friends of the deceased, and had done considerable business for him. Kouw was engaged in the real estate business. He testified that the defendant called at his office about 8 o'clock in the morning and told him that the deceased wanted to see him; that he went to his house and conversed with him; that he was then sitting in a chair, dressed as usual. They joked about his age, and he then said, "I am sick and that is the reason I sent for you." He then told Kouw that he wanted to give the house in which he was then living to the defendant, but he wanted it to be his property as long as he lived. They discussed the consideration which should be stated, and the deceased said one dollar would be all right. Kouw told him he would need a witness, and the deceased said if Van Putten was at his office to bring him along. Kouw prepared the deed, and, accompanied by Van Putten, went to the home where it was executed. Deceased was then lying on the bed with his clothes on. Van Putten shook hands with him, and they "jollied him a little about how he was feeling." The deed was then read to him, and he expressed his assent to it and signed it. Both of these witnesses expressed a positive opinion that he was mentally competent at that time and well understood what he was doing. The defendant was not present at either interview.

Kouw had some time before drawn a will for the deceased, in which he left quite a considerable property,

other than that here involved, to the plaintiff. The plaintiff, when notified of his illness by the defendant, came to his home the day after the deed was executed. He then sat at the table with them for dinner. She testified that he was delirious all day, and she could not talk with him. She is contradicted in this by the defendant.

The burden of proof was on the plaintiff. The testimony of the doctor tended to establish her claim. But it is met by that of two apparently disinterested witnesses, who had known the deceased for several years. Both of them had done business for him and with him. In our opinion, the plaintiff failed to establish his mental incompetency at the time the deed was executed by a preponderance of the proof.

The decree dismissing the bill is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.